IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICO J. VARGAS,<br><br>    Petitioner,<br><br>  vs.<br><br>WARDEN P. BRAZELTON,<br><br>    Respondent. | No. C 12-0268 RMW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 5) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition as untimely, and procedurally defaulted. Although given an opportunity, petitioner did not file an opposition. Based upon the papers submitted, the court GRANTS respondent's motion to dismiss.

**BACKGROUND**

In April 2005, petitioner was sentenced to a term of 25 years to life plus 15 years in state prison after being convicted of attempted premeditated murder, infliction of corporal injury, and assault with a deadly weapon, plus various enhancements. (MTD, Ex. 1 at 4; Ex. 1, App. A at 1.) On July 21, 2006, the state appellate court affirmed the judgment. (MTD, Ex. 1, App. A.) On September 27, 2006, the California Supreme Court denied review. (MTD, Ex. 2.)

At the earliest, in November 2009, see Cal. Rule of Court 4.551(a)(3)(A), petitioner filed a state habeas petition in superior court, which was denied on January 13, 2010. (Pet., Ex. H.) On April 14, 2010, the state appellate court denied petitioner's state habeas petition. (MTD, Ex. 3.) On June 28, 2010, petitioner filed a state habeas petition in California Supreme Court, in which he raised the underlying federal claim that his conviction was based on perjured testimony. (MTD, Ex. 4.) On January 26, 2011, the California Supreme Court denied the petition, citing to In re Robbins, 18 Cal. 4th 770, 780 (1998). (MTD, Ex. 5.)

Petitioner filed the instant federal habeas petition on January 18, 2012. This court found cognizable petitioner's claim that his right to due process was violated because his conviction was based on perjured testimony.

**DISCUSSION**

Respondent argues that petitioner is precluded from obtaining federal habeas relief because the federal petition is untimely. Respondent also asserts that the petitioner's claim is procedurally defaulted. The court addresses each argument below.

A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

z

"Direct review" includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, petitioner's conviction became final on December 26, 2006, ninety days after the California Supreme Court denied his petition for review. See id. Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period began to run the following day, and expired one year later, on December 26, 2007. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The instant petition was filed over four years later, on January 18, 2012.

Petitioner has not argued that he is entitled either statutory[1] or equitable tolling, and the court is unaware of any basis for tolling in this case. Accordingly, the federal habeas petition is untimely.

B.  Procedural Default

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question, and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). In those cases in which the state court decision is based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Id. at 750.

---

[1] Although petitioner did file state habeas petitions, his first state habeas petition was not filed until November 2009, which was after the limitations period had expired. Thus, none of petitioner's state habeas petitions tolled the statute of limitations. A state habeas petition filed after AEDPA's statute of limitations ended cannot toll the limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.12\Vargas268mtdtimandprodef.wpd

1    Here, the California Supreme Court summarily denied Petitioner's state habeas petition
2 with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998). (MTD, Ex. 5.) A denial without
3 explanation other than a citation to Robbins at 18 Cal. 4th 770, 780, the page where the court
4 discusses the analytical framework for timeliness determinations, is a denial as untimely.
5 Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007). Moreover, case law is clear that a citation
6 to Robbins on the basis of untimeliness is independent and adequate. See Walker v. Martin, 131
7 S. Ct. 1120, 1131 (2011) (holding that California's timeliness rule is adequate); Bennett v.
8 Mueller, 322 F.3d 573, 582-83 (9th Cir. 2003) (recognizing that California's timeliness rule is
9 independent of federal law). Thus, respondent has sufficiently demonstrated that petitioner's
10 claim is procedurally defaulted. Because petitioner has not established cause or prejudice for his
11 default, he cannot overcome the bar.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. The petition is DISMISSED. The clerk shall enter judgment and close the file.

## CERTIFICATE OF APPEALABILITY

For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

IT IS SO ORDERED.

DATED: _____

_____
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability
G:\PRO-SE\SJ.Rmw\HC.12\Vargas268mtdtimandprodef.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

AMERICO JOSE VARGAS SR.,

        Plaintiff,

  v.

P. BRAZELTON et al,

        Defendant.

Case Number: CV12-00268 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 22, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Americo J Vargas V-82325
D-2-135UP
PVSP
PO Box 8500
Coalinga, CA 93210

Dated: January 22, 2013

        Richard W. Wieking, Clerk
        By: Jackie Lynn Garcia, Deputy Clerk